# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-188V
Filed: October 12, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| SUSAN KELLER, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \* Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \* Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA,* for petitioner.
*Lynn E. Ricciardella, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 8, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on November 17, 2014, she suffered a shoulder injury related to vaccine administration ("SIRVA"). On June 20, 2016, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 18).

On September 21, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 24). Petitioner requests attorneys' fees in the amount of $13,040.50, attorneys' costs in the amount of $287.59, and petitioner's out-of-pocket costs in the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

amount of $400.00, for a total amount of $13,728.09.  *Id.* at 1.  In compliance with General Order #9, petitioner has filed a signed statement indicating she incurred $400.00 in out-of-pocket expenses.

On October 12, 2016, respondent filed a response stating respondent "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." (ECF No. 26).  However, the "lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $13,728.09[3] as follows:**

(1) **A lump sum of $13,328.09, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ronald C. Homer; and**

(2) **A lump sum of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                   **s/Nora Beth Dorsey**
                                                   Nora Beth Dorsey
                                                   Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.